PSM-202                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1096
_____

MADHU AGARWAL; DR. ANIL AGARWAL,
Appellants

v.

SCHUYLKILL COUNTY TAX CLAIM BUREAU; MANTURA M. GALLAGHER;
ROBERT S. FRYCKLUND; SHELLY K. MORRISON; RUSSELL T. MOTSKO;
PAMELA; DENISE MCGINLEY-GERCHAK; PENNSYLVANIA TAX
COLLECTION, INC.; HAZLETON AREA SCHOOL DISTRICT, c/o Richard J.
Schrider, Esquire, Portnoff Law Associates, Ltd.; MID COUNTY RESOURCES, LLC;
KLINE TOWNSHIP, THROUGH SUPERVISORS; KLINE TOWNSHIP
SUPERVISORS; FRANCIS PATTON, KTMA; KLINE TOWNSHIP MUNICIPAL
AUTHORITY; PAUL DATTE, ESQ.; KLINE TOWNSHIP POLICE; STATE OF
PENNSYLVANIA THROUGH ATTORNEY GENERAL; HAZLETON CITY
AUTHORITY WATER DEPARTMENT; HAZEL TOWNSHIP THROUGH
SUPERVISORS; HAZEL TOWNSHIP SUPERVISORS; JOHN DOE, #21; JOHN DOE,
#22; JANE DOE, #23; SCHUYLKILL COUNTY PROTHONOTARY'S OFFICE;
SCHUYLKILL COUNTY SHERIFF, COURT ADMINISTRATOR'S OFFICE;
JANE AND JOHN DOE, 27 to 51
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-cv-01921)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 25, 2011

Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  August 26, 2011)

———————

OPINION

———————

PER CURIAM

Dr. Anil Agarwal and his wife Madhu Agarwal ("the Agarwals"), proceeding pro se, appeal from the July 14, 2010 and December 15, 2010 orders of the District Court granting Defendants' motions to dismiss their civil rights action. We will affirm.

II.

In October 2009, the Agarwals filed a civil rights action pursuant to 42 U.S.C. § 1983. The action stemmed from unpaid state tax bills which led to tax liens being placed on the Agarwals' property. In their original pleading, the Agarwals named twenty-six Defendants, along with John and Jane Doe Defendants numbers twenty-seven to fifty-one. After the named Defendants were served, all but one joined in one of several motions to dismiss. The Agarwals then filed a motion to amend their complaint, which the District Court granted. In light of the Court's order granting the motion to amend, Defendants' motions to dismiss were denied as moot.

The Agarwals subsequently filed their amended complaint. In the first two counts of the amended complaint, the Agarwals claimed that they were denied their constitutional right to pay their delinquent real estate taxes by personal check. In counts three and four, they claimed that their rights were violated when several Defendants conspired to prevent the water from being turned off at their property in order to force them to pay a higher utility bill. In count five, they claimed that they were not given

adequate notice that their tax debt would be sold to a different company. In count six, they alleged that their First Amendment rights were violated because they were precluded from challenging the sale of their property in court.

Defendants Paul Datte and Pennsylvania Tax Collection, Inc. ("PTC") moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. All remaining Defendants filed motions to dismiss as well. The Agarwals filed various briefs opposing the dismissal of their amended complaint. The Magistrate Judge assigned to the case issued a report recommending that motions to dismiss of Paul Datte and PTC be granted. In a July 14, 2010 order, the District Court adopted the report and recommendation of the Magistrate Judge and dismissed the Agarwals' claims against those two Defendants.

The case was then recommitted to the Magistrate Judge for further proceedings on the remaining dispositive motions. The Magistrate Judge issued a series of reports recommending that the Defendants' motions be granted in their entirety. The Agarwals filed objections and, by order entered December 15, 2010, the District Court granted all remaining Defendants' motions and dismissed the Agarwals' amended complaint with prejudice. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Atkinson v. LaFayette College, 460 F.3d 447, 451 (3d Cir. 2006). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and

3

interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm the District Court on any basis supported by the record. See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

A section 1983 plaintiff must demonstrate that a person acting under the color of state law violated a right protected by the Constitution or laws of the United States. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). The first step is to "identify the exact contours of the underlying right said to have been violated" and to determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998).

We have carefully reviewed the record and discern no reversible error on the part of the District Court in dismissing all of the claims set forth in the amended complaint. We address the Agarwals' arguments on appeal in turn.

III.

The Agarwals first argue that the District Court erred in dismissing their claims against Defendants Schuykill County Tax Claim Bureau, Mantura M. Gallagher, Robert S. Frycklund, Shelly K. Morrison, Russell T. Motsko, and Denise McGinley-Gerchak ("the Schuykill Defendants"). The Agarwals repeatedly attempted to pay their delinquent

4

real estate taxes with personal checks.  The Schuykill County Tax Claim Bureau returned

the Agarwals' checks and notified them of the Bureau's policy of not accepting personal

checks for the payment of delinquent taxes – only certified checks, cashier's checks,

money orders, or cash, if paid in person.  Ultimately, the Agarwals' property was listed

and sold at a sheriff's sale in order to satisfy the unpaid debt.

The Agarwals claim that they have a constitutional right to pay their delinquent

taxes by personal check.[1]  However, they do not to cite any constitutional or statutory

authority providing that right, and we are not aware of any.  In the absence of an

identifiable constitutional violation, we agree with the District Court that the Agarwals

failed to state a claim upon which relief could be granted.

The Agarwals next argue that the District Court erred in dismissing their § 1983

claims regarding municipal water services.  In their amended complaint, the Agarwals

alleged that Defendants Hazel Township, Hazel Township Supervisors, and/or Hazelton

City Water Authority ("the Hazel Defendants") violated their civil rights by conspiring to

prevent the water from being turned off at their property in an attempt to force the them

to pay a higher utility bill.[2]  The Agarwals also alleged that those Defendants engaged in

---

[1]The Agarwals argue on appeal that they submitted cashier's checks rather than personal checks.  However, we have reviewed copies of the checks that the Agarwals submitted and agree with the Defendants that those checks appear to be personal checks processed through the bank's online bill payment system.

[2] The Agarwals similarly alleged that Defendants Kline Township, Kline Township Supervisors, Kline Township Municipal Authority, Kline Township Police, and Francis Patton ("the Kline Defendants") conspired to prevent the water from being turned off at their property.

5

"racketeering" to steal their money. We agree with the District Court that the Agarwals'
amended complaint failed to allege facts suggesting that the Hazel or Kline Defendants'
actions violated any rights guaranteed by the federal Constitution or statutes. The
Agarwals also failed to allege sufficiently a conspiracy to violate their rights. See Young
v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (affirming dismissal of conspiracy
claims based upon mere suspicion and speculation).[3]

The Agarwals next argue that the District Court erred in dismissing their claims
against Hazleton Area School District ("HASD"). The Agarwals alleged that HASD
conspired with other Defendants in order to deceive the Agarwals into paying an
unfounded tax debt. They further alleged that HASD violated their due process rights by
selling their unpaid tax claims against the Agarwals to another company. We agree with
the District Court that the Agarwals' conspiracy claim does not appear to be based in fact,
but merely upon their own suspicion and speculation. Young, 926 F.2d at 1405 n.16.
Therefore, it was properly dismissed. We further agree that the Agarwals failed to state a
viable constitutional claim against HASD, which is only liable under § 1983 for
violations resulting from official municipal policy or custom. Monell v. Dep't of Soc.
Serv., 436 U.S. 658, 694 (1978). The Agarwals did not allege any such violation.

The Agarwals next argue that the District Court erred in dismissing their claim
against the Schuykill Defendants for an alleged violation of their First Amendment

---

[3] We also agree that the Agarwals' conclusory allegations of racketeering were
insufficient to survive a Rule 12(b)(6) motion. Lum v. Bank of America, 361 F.3d
217, 223-24 (3d Cir. 2004).

6

rights.[4] They claimed that the Schuykill Defendants, specifically the Schuykill County Prothonotary's Office, prevented them from filing a "Caveat" challenging the sale of their property. The Prothonotary's Office refused to file the "Caveat" because it was not a pleading authorized by the Pennsylvania Rules of Civil Procedure. The Agarwals argue that their refusal to file the document amounted to a denial of their right to access the courts.

We affirm the District Court's dismissal of the Agarwals' access to courts claim. To prevail on such a claim, a plaintiff must show that the denial of access caused actual injury; for instance, that he lost a "nonfrivolous" and "arguable" claim. Christopher v. Harbury, 536 U.S. 403, 415 (2002). As the District Court recognized, the Agarwals failed to identify any such lost claim. Indeed, the record reflects that the Agarwals successfully filed a civil action in the Schuykill County Court of Common Pleas challenging the tax sale shortly thereafter.

Having reviewed the District Court's orders dismissing all of the Agarwals' causes of action for failure to state a claim pursuant to Rule 12(b)(6), and finding no reversible error, we will affirm.

---

[4] With regard to this claim, the Agarwals added additional defendants Schuykill County's Sheriff Department, Schuykill County Prothonotary's Office, Schuykill County Court Administrator's Office.